## STATE *v.* AMOS.

### (*Knoxville.* October 12, 1898.)

DISTRICT ATTORNEYS. *Powers of assistant.*

An assistant of a District Attorney, appointed under Acts 1897, Ch. 24, cannot sign an indictment except in the presence and by consent or direction of his principal, since the Act, if construed to authorize a general delegation of the functions of the office to an assistant, or to invest him with power to perform other than clerical duties. must be held unconstitutional.

Constitution construed: Art. VI., Sec. 5.

Act construed: Acts 1897, Ch. 24.

---

FROM MARION.

---

Appeal in error from Circuit Court of Marion County. FLOYD ESTILL, J.

Attorney-general PICKLE for State.

B. E. TATUM for Amos.

WILKES, J. This is an indictment for perjury. There is a plea in abatement that it is not signed by the District Attorney-general, nor by his authority, nor in his presence. To this plea, there was replication that the indictment was signed by an assistant of the District Attorney-general, duly ap-

pointed by him, under the Act of 1897, Chapter 24. There was demurrer to this replication, alleging that the assistant of the District Attorney could not sign an indictment, and this was sustained; and, upon the refusal of the District Attorney-general to plead further, the indictment was quashed, and the State has appealed.

The question presented is the constitutionality, validity, and construction of Chapter 24 of the Acts of 1897, authorizing District Attorneys-general in certain counties to appoint an assistant, and as to the power of the assistant if lawfully appointed.

The Constitution provides for the election of District Attorneys-general by the people, and for the appointment of a *pro tem.* officer in the absence of the regular officer, but there is no provision authorizing the District Attorney-general to appoint any deputy or assistant in the Constitution. Constitution, Art. 6, Sec. 5; Code, §§ 393, 394.

It appears that other constitutional officers have been empowered and have employed deputies during almost the entire existence of the State, such as Clerks, Trustees, and Sheriffs. These appointments have been made under various statutes, as there is no constitutional provision on the subject. These officers are, however, of a clerical or executive character, and none of them are judicial or quasi judicial in their functions.

It has been uniformly held that an indictment must be signed by the District Attorney-general, and

State *v.* Amos.

it 'is likewise held that he may authorize another to sign his name officially, or he may adopt and ratify a printed signature. This is upon the theory, however, that there is a specific adoption or ratification of each signature, and not upon the idea that he may delegate authority generally to an assistant to sign his name in his absence, and to perform the functions of the officer generally.

In the present case the District Attorney, in his sworn replication, states that the signature was made by his assistant under and by virtue of the Act of 1897, and the inference is that in this way and to this extent it was by his consent and direction, for it does not negative the averment in the plea that it was not done in his presence. Moreover, the demurrer to this replication raises the question that such signature could not be made under and by virtue of the Act of 1897, and that is the question with which we have to deal.

We are of opinion that while the Act of 1897 is valid, it is only upon the construction that the assistant therein provided for is authorized to do clerical work alone, and not to exercise the functions of the office generally. While, therefore, the District Attorney might authorize the assistant or clerk to sign his name to an indictment, it must be the particular indictment, and in his presence, and the assistant is not by this Act clothed with the power to exercise the functions of the office generally.

The Constitution, Art. 6, Sec. 5, provides that

State *v.* Amos.

"in all cases where the Attorney for any district fails or refuses to attend and prosecute according to law, the Court shall have power to appoint an Attorney *pro tempore.*" It is clear that in such cases as provided in this section, the Legislature could not empower the District Attorney-general to appoint an assistant with power to exercise the functions of the office, but the office can only be filled *pro tempore* by the Court as the Constitution provides.

The indictment in this case having been signed under the authority of that Act, and not otherwise, and not being alleged to have been done in the presence of the District Attorney, nor by his consent and direction, except so far as the same is authorized by that Act, is bad, in the opinion of the majority of the Court, and the action of the Circuit Judge in quashing the same is affirmed, and the indictment is quashed, and the State will pay the costs.