JOHN WIREMAN *v*. THE STATE.

(*Knoxville*. September Term, 1922.)

1. CRIMINAL LAW. One who testified before grand jury after in-
dictment was returned not immune from indictment.

The immunity granted by Shannon's Code, section 7048, to one who
testifies before the grand jury, is from indictment, and not from
prosecution or punishment, and does not afford immunity where
an indictment was returned prior to the time of testifying. (*Post,
pp.* 678, 679.)

Case cited and approved: State v. Hatfield, 40 Tenn., 231.

Case cited and distinguished: Bank v. Marr, 81 Tenn., 108.

Code cited and construed: Sec. 7048 (S.).

2. CRIMINAL LAW. Indictment and information. Defects of in-
dictment, not apparent on its face, must be presented by plea in
abatement.

Where a defect appears upon the face of an indictment, its sufficien-
cy can be tested by a motion to quash or by demurrer, but where
it is defective or invalid for any other reason not appearing upon
its face, the defect must be presented by a plea in abatement.
(*Post, pp.* 679-681.).

Case cited and approved: Owens v. State, 39 Tenn., 456.

Case cited and distinguished: Ransom v. State, 116 Tenn., 361.

3. CRIMINAL LAW. One who voluntarily testifies before grand jury
is not immune from indictment.

One who voluntarily testifies before the grand jury without being
compelled or summoned is not a witness within the legal sense,
and not entitled to the immunity granted by Shannon's Code,
section 7048, from indictment for any offense in relation to which
he testified before the grand jury. (*Post, p.* 681 )

FROM CLAIBORNE.

Error to the Circuit Court of Claiborne County.—HON. D. A. VINES, Judge.

JOHN P. ROGERS, for appellant.

WM. H. SWIGGART, JR., Assistant Attorney-General, for the State.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

The plaintiff in error was convicted of murder in the first degree for killing Robert Roark, and was sentenced to the State penitentiary for life.  He has appealed to this court and has assigned errors.

The plaintiff in error testified in his own behalf and admitted his guilt, which is abundantly shown by the record, and no error is assigned as to the facts.

The defense relied upon is immunity from indictment by virtue of section 7048 of Shannon's Code, which provides as follows:

"And no witness shall be indicted for any offense in relation to which he has testified before the grand jury."

The facts are that while the plaintiff in error was incarcerated in the county jail, charged with killing the deceased, Roark, and before the finding of the indictment, he was taken by the jailer before the grand jury and interrogated as to the killing.  He came in response to no subpoena issued by order of the grand jury or the attorney-

general, and, in fact, he was not subpoenaed as a witness to testify before the grand jury, but the contention of the State is that he appeared and testified voluntarily.

The jailer testified that the plaintiff in error requested him to take him before the grand jury, so that he could tell who it was that procured him to kill Roark. The foreman of the grand jury testified that he was advised by the jailer that the plaintiff in error wanted to appear before the grand jury, and that he told him to let him come. The foreman further testified that, upon his arrival and before he had made any statement, he told him that he would not have to divulge anything that would incriminate himself, and the plaintiff in error admits this to be true.

The only evidence indicating that the plaintiff in error testified otherwise than as a volunteer is found in his statement that he agreed to go before the grand jury because the jailer told him that he would have to testify before that body.

The plaintiff in error filed a plea of not guilty and six pleas in bar. By the latter he undertook to set up his immunity. Upon motion of the attorney-general said pleas in bar were stricken, but later the trial court, upon reconsideration, permitted said pleas to stand, and in his charge undertook to instruct the jury pertaining to the defense set up therein. The errors assigned relate to the charge of the court upon this matter, and we deem it unnecessary to set out said pleas in detail and to copy herein the assignments of error relied upon by the plaintiff in error.

A preliminary question has been raised by the State to the effect that the immunity granted by the statute is

from "indictment," and that the privilege afforded by the statute is a matter to be pleaded in abatement, and should be deemed to have been waived by a plea to the merits of the indictment.

In 16 Corpus Juris, 96, it is said: "Immunity is a personal privilege, and may be waived; and it is waived if not seasonably asserted, and the testimony is regarded as voluntary."

In *Bank* v. *Marr,* 13 Lea, 108, this court said: "The general rule undoubtedly is, and has been repeatedly recognized by this court, that appearance and defense to the merits waive all defenses which go merely in abatement of the writ or action. And this for the obvious reason that a party may prefer to contest the right involved without testing the regularity of the proceedings."

In *State* v. *Hatfield,* 3 Head, 231, it was held that this statute must be strictly construed.

The immunity provided by the statute is from indictment, and not from prosecution or punishment. So that, if it should appear that an indictment was returned prior to the time of testifying, the statute would not afford immunity to the person indicted.

The contention of the plaintiff in error was that the indictment was unauthorized, and was therefore illegal and void. And the defense thus relied upon goes to the legality and validity of the indictment. He says, in effect, that, having examined me about this crime, you are expressly forbidden by law to indict me, and therefore the indictment is invalid.

Under the practice long prevailing in this State, and which has no exceptions so far as we recall, where the defect appears upon the face of the indictment, its sufficiency

can be tested by a motion to quash, or by demurrer. But where it is defective or invalid for any other reason not appearing upon its face, the extraneous matter must be presented by a plea in abatement.

In *Ransom* v. *State*, 116 Tenn., 361, 96 S. W., 953, a motion was made to quash the indictment for the reason that the grand jury was formed in an unlawful manner. This court said: "The indictment was in all respects regular on its face, and could not be invalidated on a mere motion to quash by objections presented to the constitution of the grand jury. Under the practice in this State, such extraneous matters lying beyond the four corners of the indictment should have been presented by a plea in abatement duly verified and sustained by competent evidence."

In *Owens* v. *State*, 2 Head, 456, and *State* v. *Hatfield*, supra, the defense here interposed was relied upon, but in both cases it was presented by plea in abatement, which we consider the proper practice.

We have, however, considered this defense as though properly made, and find it without merit.

In *State* v. *Hatfield*, supra, this court said: "In general, all persons possessed of the legal capacity to commit a criminal offense, are amenable to prosecution and punishment. To this general rule, some exceptions have been made, by positive law, founded upon obvious reasons of policy, justice, or fundamental law. One of these exceptions is contained in the foregoing section of the Code. This exception is to be construed strictly. The term 'witness,' must be understood in the legal sense; and, as is obvious from the context, can only be applied to a person brought before the grand jury, by compulsion, to testify

against others. Such person cannot be compelled to criminate himself; but, as an inducement to a full and unrestrained disclosure in regard to others, without peril to himself, it was deemed politic—in the event of his doing so—to exempt him from prosecution. Neither the letter nor spirit of this particular exemption applies to the case of a grand juror who voluntarily criminates himself."

Under this authority the plaintiff in error was not a witness within the legal sense, and therefore did not testify under compulsion.

In *Warner* v. *State,* 13 Lea, 53, Warner was brought before the grand jury under a subpoena issued by the instructions of the attorney-general, and not at the instance of the grand jury. This court held that Warner was not a witness in the legal sense, for the reason that only the grand jury had the right to cause such a subpoena to be issued.

For the same reason the plaintiff in error was not a witness in the legal sense, and could have declined to testify, as Warner did, and for such refusal he could not have been punished. Furthermore, he admits that he was advised by the foreman that he did not have to tell anything that would incriminate himself. It thus appears that he was a volunteer, and was not exempted, under the statute, from indictment.

We find no reversible error in the record, and the judgment of the lower court will be affirmed.