THE STATE *v.* SAM HENSLEY.

(*Knoxville.* September Term, 1929.)

Opinion filed November 16, 1929.

NAT TIPTON, Assistant Attorney-General, for the State.

MAYFIELD & MAYFIELD, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

The defendant in error, Sam Hensley, was indicted in the Criminal Court of Bradley County, charged with arson. To the indictment he filed a plea in abatement, asserting that a deputy fire marshal had summoned him as a witness and had compelled him "under penalties of the law" to give evidence, "which evidence thus forced from the said defendant was introduced before the grand jury in this cause upon which the said indictment was returned against this defendant;" all in violation of the right guaranteed to the defendant by the Constitution, Article 1, Section 9, to be free from compulsory self-incrimination. And so the plea charged that "no legal evidence was introduced before said grand jury upon said indictment could be legally found and returned."

The State did not test the sufficiency of the plea in abatement by demurrer or motion to strike, but joined issue thereon. Evidence was heard by the trial judge as to the truth of the facts pleaded, and judgment was rendered that the plea was "well taken," and that the indictment should be abated. From this judgment the State prayed and was granted an appeal in the nature of a writ of error to this Court. A bill of exceptions contains the evidence heard by the trial judge.

A single assignment of error is made on behalf of the State, as plaintiff in error; that "the trial court erred in sustaining the plea in abatement of the defendant and in abating the indictment herein."

Inasmuch as the State admitted the sufficiency of the plea by joining issue thereon in the trial court, the assignment of error can only be construed as challenging the sufficiency of the proof to sustain the averments of the plea.

The appeal in error is, however, ineffective to vest this Court with jurisdiction to review the evidence, for the reason that the State failed to make a motion for a new trial as a basis for its appeal. *Railroad* v. *Johnson*, 114 Tenn., 632; *Board of Equalization* v. *N., C. & St. L. Ry.*, 148 Tenn., 676; *Mullins* v. *Tennessee Stave & Lumber Co.*, 155 Tenn., 132.

"The jurisdiction of this Court is exclusively appellate, and it can only pass upon matters which the record shows have been considered and adjudged by the trial court from which the case has been appealed. . . . That a motion for a new trial, made and overruled, is necessary, in order to give the appellant the advantage of errors occurring in the trial of the case, which a bill of exceptions is required to bring into the record, is well settled." *Railroad* v. *Johnson, supra.*

Reviewing and following the earlier cases, in *Board of Equalization* v. *Ry., supra,* this Court said:

" . . . where the conclusion of the court of law is the result of a consideration of facts, and an application of the law thereto, a motion for new trial is necessary to authorize a review on appeal in error, whether the facts are presented to the trial court upon agreed facts, facts disclosed in documents exhibited with the

pleadings, or facts presented to the court as exhibits to or made part of the return to a writ."

The judgment here sought to be reviewed was rendered by the trial judge by applying the law to facts found from evidence offered to sustain the averments of the plea, upon which the State had joined issue. The authorities are clear that a motion for a new trial was necessary to authorize a review of such a judgment on appeal in error. Since no motion for a new trial was made, the judgment of the trial court must be affirmed.