Missouri Pacific Railroad Company *v.* Foresee.

Opinion delivered March 31, 1930.

*Thomas B. Pryor* and *Harvey G. Combs,* for appellant.

*V. D. Willis,* for appellee.

Mehaffy, J. This action was begun by appellee against appellant to recover damages for killing a dog. It was alleged that the dog was killed in the night time and no one saw it killed. The evidence however, showed that it was found on the track, and there was blood and hair on the rails, and there seems to be no doubt that it was killed by the train. The evidence showed that the value of the dog was from $60 to $100. Neither the engineer nor fireman saw the dog at any time.

The jury returned a verdict for $25, and judgment was entered accordingly. Motion for new trial was filed, overruled and this appeal is prosecuted to reverse the judgment of the circuit court.

If the dog was killed by the operation of the train, this made a *prima facie* case, and was sufficient to take the case to the jury unless the railroad company offered some evidence that it was at the time in the exercise of care and did not negligently kill the dog. The engineer operating the train, testified that he was keeping a lookout and saw no dog at the place where this dog was killed. He also testified that there were weeds growing up by the side of the track, and, if so, a dog might have come out of the weeds immediately in front of the engine and been killed without the engineer seeing him. Another witness, however, testified that there were no weeds, that there had been, but they had been removed. If the only negligence relied on was failure to keep a lookout, then the appellant would have been entitled to a verdict because the appellant offered evidence which overcame this presumption. One witness testified that he heard the train, and that there was no warning given, no bell nor whistle. The fireman testified, that it was the duty of the engineer to give the signal, but that he did not remember whether it was given or not.

We said in a case recently decided: "If the dog was killed by the operation of the train as the jury found, this made a *prima facie* case, and was sufficient to take the case to the jury unless the railroad company offered some evidence that it was at the time in the exercise of care, and did not negligently kill the dog." *Mo. Pac. Rd. Co.* v. *Berry,* 179 Ark. 437, 21 S. W. (2d) 631.

The statute of Mississippi with reference to injuries caused by running trains was similar to the Arkansas statute, as was also the statute of Georgia. Each of these statutes was construed by the Supreme Court of the United States recently. The court held in the Mississippi case that: "The only legal effect of the inference is to cast upon the railroad company the duty of producing some evidence to the contrary. When that is done, the inference is at an end, and the question of negligence is one for the jury upon all of the evidence. The statute

does not fail in due process of law, because it creates a presumption of liability, since its operation is only to supply an inference of liability in the absence of other evidence contradicting such inference. * * * The Mississippi statute created merely a temporary inference of fact, that vanished upon the introduction of opposing evidence. * * * That of Georgia, as considered in this case, creates an inference that is given effect of evidence to be weighed against opposing testimony, and is to prevail unless such testimony is found by the jury to preponderate.''

''The presumption raised by [Georgia Civ. Code] § 2780 is unreasonable and arbitrary, and violates the due process clause of the Fourteenth Amendment.'' *Western & A. R. R. Co.* v. *Henderson,* 279 U. S. 639, 49 S. Ct. 445.

In the instant case, if the only evidence of negligence was failure to keep a lookout, the verdict would have had to be for the appellant under the engineer's testimony, but, since there was proof of failure to give the signal, and the appellant offered no evidence tending to show that it exercised care in this regard, the jury was justified in finding that, if the appellant had performed its duty by giving the signals, the injury might not have occurred. The statute creating a presumption authorizes a verdict only in cases where the company does not introduce evidence contradicting the presumption raised by the statute, and since the presumption of negligence in failure to give the signal is not contradicted, it was sufficient to justify the verdict, and the judgment is therefore affirmed.