STATE OF TENNESSEE *v.* JIM STONE.

(*Nashville,* December Term, 1929.)

Opinion filed June 28, 1930.

NAT TIPTON, Assistant Attorney-General, for plaintiff in error.

W. B. WILLIAMS, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The defendant was indicted, charged with manufacture of whiskey and possessing a still. He interposed a plea in abatement which was sustained and the State appealed.

The substance of the plea in abatement was that at a previous term of the Criminal Court at Hartsville defendant was subpoenaed to appear before the grand jury and in obedience to said subpoena did appear before said grand jury and, after being duly sworn, was "interrogated and asked numerous questions and questioned in detail with respect to and about the offense" about which he was indicted herein. That in response to said questions, he testified in detail upon his oath about the identical transaction upon which this indictment was founded. Defendant accordingly pleaded the provisions of section 7048, Thompson's-Shannon's Code, that "no witness shall be indicted for any offense in relation to which he has testified before the grand jury."

The district attorney-general moved to strike the plea in abatement and, when his motion was overruled, joined issue on the plea. Proof was introduced and a bill of exceptions preserved, but the State entered no motion for a new trial. It is conceded therefore by the State in

this court that the finding of the trial judge on the facts cannot be reviewed. *Hensley* v. *State,* 159 Tenn., 689. The case is submitted by the State on assignments of error challenging the action of the court below in holding the plea in abatement good on a motion to strike.

The attorney-general abandons in this court all grounds of the motion to strike except the first which is that the plea in abatement does not aver that the defendant gave any information against himself or any other person about this identical offense for which he is indicted, and in fact said plea does not aver that defendant gave any information to the grand jury.

The contentions of the State in this court are summarized under two subheads as follows:

"1. That by proper reference to the history of this section (Thompson's-Shannon's Code, section 7048), it applies only to cases where the witness is examined by the grand jury with reference to gaming; and

"2. That until the witness discloses testimony which might form the basis of a prosecution against him, the statute does not apply."

It is shown by the State that section 7048 originated in Section 1 of Chapter 5 of the Acts of 1824 with reference to gaming, and *Hirsch* v. *State,* 67 Tenn. (8 Baxt.), 89, is cited. The immunity no doubt was confined to witnesses in gaming cases prior to the Code of 1858, which contains the following:

"5087. The grand jury shall send for witnesses whenever they, or any of them, suspect a violation of the laws against—

" Gaming.

"Taking tolls at turnpike or toll-bridge gate opened according to law.

"Illegal voting.

"Tippling.

"Disturbance of worship.

"Injuries to public buildings.

"5088. The inquiry in gaming cases shall be confined to specified times or places.

"5089. And no witness shall be indicted for any offence in relation to which he has testified before the grand jury."

It is urged that Sections 5088 and 5089 of the Code of 1858 should be construed as one section, not as two, and both sections treated as referring to gaming cases alone.

This argument is quite plausible but this court has not heretofore given such a limited scope to Section 5089.

In *The State* v. *Hatfield,* 40 Tenn. (3 Head.), 232, the defendant was indicted for selling spirituous liquors on Sunday and pleaded Section 5089 in abatement. His plea was sustained in the trial court but the judgment there was reversed on the ground that the appearance of defendant before the grand jury was voluntary. It was assumed in the opinion that Section 5089 applied to witnesses testifying before the grand jury in cases other than gaming cases. Likewise the same assumption was made by the court in *Wireman* v. *The State,* 146 Tenn., 676.

While the matter has not been expressly decided, we think it has been supposed by the courts and the profession for many years that it was intended by the Code of 1858 to give the immunity under consideration to all witnesses who testified under compulsion before the grand jury with regard to offenses of which that body had inquisitorial power. We so declare the law.

■ The broad language of Section 7048 that no witness shall be indicted "for any offense in relation to which he has testified before the grand jury" does not permit the

interpretation urged by the State in its second proposition. If a witness is forced to testify in relation to an offense he cannot be indicted on account of the same. The testimony given might be utterly insufficient to form the basis of a prosecution against the witness, nevertheless if it related to the offense later charged against him, he would be within the protection of the statute.

If we go back to Section 1 of Chapter 5 of the Acts of 1824, the language there used is ''nor shall any such witness be liable or bound to answer to any criminal proceedings, for any offense about which he may have been examined as a witness, by virtue of this Act.'' Any offense about which he may have been examined—whether he testified in relation thereto or not. The Code of 1858 narrowed the original provision. We think the court would not be justified in narrowing it more.

The object of this section of the Code was, of course, to get the truth out of witnesses.

Affirmed.