MISSOURI PACIFIC RAILROAD COMPANY *v.* HULL.

Opinion delivered December 8, 1930.

874

*Thomas B. Pryor* and *Daggett & Daggett,* for appellant.

*Giles Dearing,* for appellee.

MEHAFFY, J. This suit was begun by appellee against appellant to recover damages for killing a bird dog. The dog was killed in the nighttime, and no one saw it killed. The evidence, however, shows that the dog was found on the track between the rails, mutilated, one foot cut off and its head and body injured. One witness said it looked as if the head of the dog was partly cut off and the body had been dragged five or six feet in an easterly direction. There was blood on the ties, the track was straight for half a mile or more on each side of the place where the dog was killed. There was blood and gravel on the track which showed where the dog had been dragged. Several witnesses testified as to the value of the dog, but there is no claim that the verdict is excessive, and it is not necessary to set out the evidence on the question of value.

The following stipulation was introduced in evidence: "It is hereby stipulated and agreed by and between Giles Dearing, attorney for the plaintiff herein, and C. E. Daggett, attorney for the defendant herein, that on the night of December 15, 1929, the defendant company operated ten trains through the town of Wynne, Arkansas; that, if called to testify herein, the firemen and engineers on each of said trains so operated through the town of Wynne, Arkansas, on said date, would testify that at all times between a point east of the coal chute on the right-of-way of the defendant company in the town of Wynne and a street crossing thereon known locally as Killough Crossing, in the town of Wynne, each and all of said firemen and engineers were maintaining a lookout, as required by the statute of Arkansas, for persons and property on or adjacent to the track of said company; that neither of said firemen or engineers discovered a dog on the track at the place hereinbefore indicated, and have no knowledge of the train so operated by them, and each of them, having struck a dog."

Several instructions were given over the objection of appellant, and instructions requested by appellant were refused. It is not necessary to set out these instructions. The main objection to the court's action in giving and refusing instructions was based on appellant's contention that, in order to find for appellee, the jury had to presume in the first place that the dog was killed by the operation of the train, and on that presumption base the presumption of negligence. The jury did not have to presume that the animal was killed by the operation of a train. This however was proved by circumstantial evidence. Before the jury would have been justified in finding for the appellee, it must have found as a fact that the dog was killed by a train. The evidence must have shown this. It was not necessary to show by direct evidence, but the fact might be shown by circumstantial evidence. A fact may be as thoroughly established by circumstances as by direct evidence.

"A well connected train of circumstances is as cogent of the existence of a fact as any array of direct evidence, and frequently outweighs opposite direct testimony." 23 C. J., p. 48.

This court, in discussing the scintilla rule, said: "While this rule is not to be ignored, it is equally well settled that any issue of fact in controversy may be established by circumstantial evidence where the circumstances adduced in evidence are such that reasonable minds might draw different conclusions therefrom." *St. L. I. M. & S. R. Co.* v. *Fuqua,* 114 Ark. 112, 169 S. W. 786; *Paragould & M. R. Co.* v. *Smith,* 93 Ark. 224, 124 S. W. 776; *St. L. I. M. & S. R. Co.* v. *Owens,* 103 Ark. 61, 145 S. W. 879.

Of course the circumstances must agree with and support the hypothesis which they are adduced to prove, and, where circumstantial evidence is relied upon, the circumstances themselves must be proved. Under the evidence in this case the jury were justified in finding that the dog was killed in the operation of a train. It is argued that the circumstances merely give rise to a presumption

or inference that the dog was killed by the operation of a train, and that the jury, in order to find for the appellee, had to base another presumption on this presumption, that is the presumption that the appellant was guilty of negligence. We do not agree with appellant in this contention. In the first place, we think the proof showed that the dog was killed by the operation of the train, and the jury necessarily so found. When the jury found that, it did not have to indulge in any presumption at all. The laws presumes that, if the animal was killed by the operation of a train, it was negligently killed. This is not a presumption of the jury, but it is a presumption created by statute. Appellant cites and relies on the case of *Mo. Pac. Rd. Co.* v. *Forsee,* 181 Ark. 471, 26 S. W. (2d) 108. In that case the proof of the killing was practically the same as in the instant case, and we said: "If the dog was killed by the operation of the train as the jury found, this made a *prima facie* case, and was sufficient to take the case to the jury unless the railroad company offered some evidence that it was at the time in the exercise of care, and did not negligently kill the dog." In the instant case, the only evidence offered by the appellant was the stipulation set out above, and this only shows that the engineer and firemen of ten trains were keeping a lookout and did not see any dog. There is no claim that there was any lookout kept on the switch engines which operated over this portion of the track, any one of which might have killed the dog, and there is no evidence tending to show that the appellant was in the exercise of care or performing its statutory duty of sounding the alarm before reaching a crossing. The facts do not bring this case within the rule discussed in the case of *Mo. Pac. Rd. Co.* v. *Forsee, supra,* nor within the rule announced by the Supreme Court in *Western & A. R. Co.* v. *Henderson,* 279 U. S. 369, 49 S. Ct. 445. There was ample evidence to justify the jury in reaching the conclusion that the dog was killed by the operation of a train, and no evidence on the part of appellant that it was in the exercise of care at the time.

The judgment is affirmed.