STATE *v.* EDWARDS *et al.*

*(Nashville,* December Term, 1938.)

Opinion filed June 10, 1939.

NAT TIPTON, Assistant Attorney-General, for the State.

FARMER, DENNEY & LEFTWICH, of Nashville, for defendants.

MR. JUSTICE COOK delivered the opinion of the Court.

The grand jury reported a presentment against the defendants charging conspiracy to neglect their official duties (Code, section 11062) in violation of Code, section 11106. The defendants filed pleas in abatement to the presentment. The trial judge sustained the State's motion to strike all of the several grounds of the pleas in abatement except the ninth ground which averred that the presentment was void because of the illegal conduct

544

of Assistant District Attorney West in advising the grand jury. Issue was joined upon that plea and it was set down for hearing upon evidence. After hearing the evidence, the trial judge ordered the presentment abated. The defendants prayed an appeal from the action of the trial judge in striking the several grounds of their pleas in abatement. The State prayed and was granted an appeal from the judgment of the trial court in declaring the presentment void.

The State insists that the action of the trial judge in striking the pleas in abatement cannot be reviewed upon defendants' assignments of error because the stricken pleas passed out of the record and were not thereafter preserved by bill of exceptions. The pleas in abatement were spread upon the Minutes of the court and thus preserved and brought up as a part of the technical record.

One of the several grounds of the defendants' pleas in abatement challenges the organization of the grand jury by averments that it was illegally constituted. It is charged that the grand jury was composed in large part of jurors selected from the county at large by the judges instead of from the panel certified to the court by the jury commission of Davidson County, as provided by Chapter 124, Acts of 1901. The trial judge considered and overruled this ground of defendants' plea. Assignment of error upon the action of the trial judge in overruling or striking this ground of defendants' plea raises the question of whether the judges of the Davidson County Criminal Court can select from the county at large and cause to be included in the *venire facias* the names of others than those drawn and certified by the jury commission as required by the Act of 1901. Section 4, of

Chapter 52, Acts of 1841-42, conferred power upon the judges of the criminal court to appoint jurors from the county at large. As we construe the opinion in *Balden* v. *State*, 122 Tenn., 704, 127 S. W., 134, the judges of the court are limited by Chapter 124, Acts of 1901, in their appointments of jurors to those included in the panel drawn by the jury commission and certified to the court. The judges of the court may select the *venire facias* from the panel certified by the jury commission, but they cannot go beyond the panel and appoint jurors to the exclusion of the jury commission except in cases of emergency. The question raised by this ground of the plea can only be determined by reference to evidence; but it is not necessary to pursue this inquiry to the end because the result must be rested upon other grounds.

The judgment of the trial court sustaining the defendants' plea to abate the presentment because made by the grand jury upon illegal advice of the assistant attorney-general depended upon evidence and, without a motion for a new trial, the judgment of the trial judge must be affirmed. *State* v. *Hensley*, 159 Tenn., 689, 21 S. W. (2d), 631; *State* v. *Stone,* 161 Tenn., 74, 29 S. W. (2d), 250. There was no motion for a new trial; under the foregoing authorities and many others the judgment is not open to review. That the State concedes, but insists that the judgment of the trial court in sustaining the ninth ground of the plea in abatement is reviewable upon the State's motion to strike the plea. The State did not except to the action of the trial judge in refusing to strike this plea. It joined issue on the plea, which raised the question of whether or not the assistant district attorney of Davidson County (with no powers delegated to him by statute, and whose conduct is left to the control of the

district attorney general; Chapter 24, Acts of 1897; Chapter 73, Acts Extra Session, 1920; *State* v. *Amos,* 101 Tenn., 350, 47 S. W., 410), can advise the grand jury; and also whether the presentment was returned as the result of illegal advice of the assistant. Evidence was necessary to determine the issue. It was necessary upon the question of whether or not the assistant advised the grand jury at all, and also to determine the character of the advice given.

After hearing the evidence, the trial judge found for defendants and abated the indictment. The error, if any, made by the trial judge was not brought to his attention by a motion for new trial. Without motion for new trial, the judgment based on evidence is not reviewable for reasons shown in *State* v. *Hensley, supra.*

We are therefore constrained to affirm the judgment.