COLLEY *v.* STATE.

(*Nashville,* December Term, 1942.)

Opinion filed April 3, 1943.

Whitworth Stokes and Jordan Stokes, III, both of Nashville, for plaintiff in error.

Ernest F. Smith, Assistant Attorney-General, for the State.

Mr. Justice DeHaven delivered the opinion of the Court.

Plaintiff in error, hereinafter referred to as defendant, was indicted jointly with two other persons for the murder of Marion Ellis, a girl twelve years of age, and a severance was granted. Upon his trial, defendant was

found guilty of murder in the first degree, with punishment fixed at thirty-five years' imprisonment in the State penitentiary. He has appealed to this Court and assigned errors.

The case can be considered by this Court on the technical record only, both the wayside bill of exceptions containing the evidence adduced on the hearing of defendant's plea in abatement to the indictment and the bill of exceptions containing the evidence adduced on the trial of the case having heretofore been stricken, on motion of the State, because filed too late. We adhere to our former decision striking the bills of exceptions.

Defendant's plea in abatement to the indictment was grounded upon the allegations (1) that he did not voluntarily appear and testify before the grand jury; (2) that he did not know his rights; and (3) that he was a minor and, as such, could not waive immunity, or any right or defense which he had.

The State by replication admitted that defendant had appeared and testified before the grand jury; averred that defendant was advised of his legal rights by the district attorney-general and by the foreman of the grand jury; that he freely, voluntarily and understandingly appeared and testified before the grand jury at his own request.

Defendant demanded and was granted a jury to try the issues made by the plea in abatement and the replication thereto. A jury was impaneled and witnesses heard. After argument of counsel and charge of the court, the jury returned the following verdict: "That they find the defendant Charles Colley did waive immunity from indictment and testify freely, voluntarily and knowingly concerning the slaying of Marion Ellis when he appeared before the Davidson County Grand Jury." The trial

654

judge approved the verdict of the jury and concurred in their findings. Motion for a new trial on the plea in abatement was made by defendant and, on the same day, a motion was made for judgment sustaining the plea in abatement notwithstanding the verdict of the jury. Both motions and the plea in abatement were overruled.

█ Section 11593 of the Code provides:

"And no witness shall be indicted for any offense in relation to which he has testified before the grand jury."

The term "witness," as employed in section 11593, can only be applied to a person brought before the grand jury by compulsion to testify. *State* v. *Hatfield,* 40 Tenn. (3 Head), 231; *Hirsch* v. *State,* 67 Tenn. (8 Baxt.), 89. One who voluntarily testifies before the grand jury without being compelled or summoned is not a witness within the legal sense, and not entitled to the immunity granted by this section of the Code. *Wireman* v. *State,* 146 Tenn., 676, 244 S. W., 488.

█ Defendant did appear and testify before the grand jury. It does not appear that he was summoned. The verdict of the jury forecloses any question as to his having been forced or coerced to appear and testify, and likewise forecloses all other issues of fact made on the plea in abatement and replication thereto.

█ Accepting the statement of counsel for defendant made at the bar of this Court that defendant was twenty years and some months of age at the time he appeared before the grand jury, we think he had the legal capacity to elect to appear voluntarily and testify before the body with reference to the murder for which he was subsequently indicted along with two other persons.

█ When a person reaches fourteen years of age any presumption of incapacity to commit crime ceases,

and he is practically an adult in the eyes of the criminal law. 27 Am. Jur., Infants, section 97; *State* v. *Doherty,* 2 Tenn. (2 Over.), 79; *State* v. *Goin,* 28 Tenn. (9 Humph.), 175; *State* v. *Davis,* 104 Tenn., 501, 58 S. W., 122. Having the capacity to commit the crime of murder, defendant had the capacity to testify with reference to the facts of its commission. When he voluntarily appeared and testified before the grand jury (as is established by the verdict of the jury), he obtained no immunity under Code, section 11593. It cannot be maintained that a minor of twenty years of age is without the right to go voluntarily before the grand jury and testify with reference to the commission of a crime, which testimony might implicate himself and others. Having volunteered his testimony, he had no immunity under Code, section 11593. He did not come within the purview of this statute. He could not have been compelled to go before the grand jury, without the grant of immunity, because Article 1, Section 9 of the Constitution of this State provides that "In all criminal prosecutions, the accused . . . shall not be compelled to give evidence against himself." Not having been "compelled" to give evidence before the grand jury, no constitutional right of defendant was violated by his voluntary appearance. Not having been summoned as a witness or compelled to testify before the grand jury, he was not a "witness" within the meaning of Code, section 11593, and never acquired immunity thereunder.

We find no error in the technical record. The result is that the judgment of the trial court must be affirmed.