JONES *et al. v.* STATE.

(*Knoxville*, September Term, 1949.)

(May Session, 1950.)

Opinion filed June 9, 1950.

FRANKLIN PARK, of Jefferson City, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

MR. JUSTICE PREWITT delivered the opinion of the Court.

Defendants, Gene Jones and Joe Ben Burke, were each convicted of assault and battery, with punishment of a fine of $25 and sentence of 30 days in jail, from which they have appealed.

The alleged assault occurred on August 23, 1949. The prosecutor, John C. Perry, was foreman of the cake room in a local bakery in Morristown. The defendants, both young men, had been employed in this bakery up to the day of the trouble, but upon that day were laid off and paid in full by checks. It seems to have been the custom that the employees rented aprons for their work and that they paid the prosecutor, who in turn remitted to the Linen Service Company. Jones claimed to have owed 48 cents when he was discharged.

After getting their checks, the defendants went to a near-by restaurant and got them cashed, and then returned to a point near this bakery. According to Burke, they remained there for something like an hour. Jones' insistence is that he had returned to pay this 48 cents which he claimed to have owed, but the proof shows that

when he was paid by check he made no mention of any such indebtedness.

About 12:30 on this day, the prosecutor left the bakery, walked down a flight of steps and down where his car was parked at the rear of the bakery. As he did so, Jones approached him with his hand behind him and said, "I have a debt I want to pay you." The prosecutor testified that as Jones did this, he struck him. Jones and Burke insist that the prosecutor got excited and hit Jones first. The witness Brisentine, who was on the back porch of the bakery, testified that the prosecutor struck the first blow. However, his testimony is impeached by his own admission that although he did go outside the bakery every 10 or 15 minutes and look around, he never, at any time, saw the defendants. The undisputed testimony is that the defendants had waited at this point for about an hour.

After he was hit, the prosecutor testified that he went back into the bakery and picked up the telephone for the purpose of calling the officers, that suddenly the telephone was jerked out of his hands, and from that point on he became unconscious and knew no more as to what occurred. Lowry, a witness in behalf of the State, testified that when he came in he saw the prosecutor and Jones scuffling, and that Burke had the telephone in his hands and said, "Let me get a few licks at him." Paul Ballard, testifying in behalf of the defendants, admitted that the prosecutor was trying to use the telephone and that Jones was trying to keep him from doing it. Both the defendants insist that during the scuffle over the telephone the prosecutor struck Jones in the chest with it. In this they are corroborated by the witness Paul Smith, as well as Ballard. We cannot say that the evidence

preponderates in favor of the innocence of the defendants. The weight to be given the testimony of the witnesses was a question for the jury.

■ There was a plea in abatement filed by Jones which was overruled by the trial court. The transcript shows that upon this same date on which the assault was committed the prosecutor promptly appeared before the General Sessions Judge of Hamblen County and took out a warrant for the defendants for this assault. From notations appearing upon such warrant, it seems that this case was set for trial on September 3, 1949. Upon that same date, Jones in turn swore out a warrant for the prosecutor charging him with assault. It appears that the General Sessions Judge did nothing about this plea in abatement, as he bound both the prosecutor and the defendants to answer the action of the grand jury.

When that body met, both the prosecutor and Jones appeared. Jones seems to have been called before the grand jury and examined upon the indictment sought to be preferred by him against the prosecutor, but the grand jury returned the same "Not a True Bill," and it is this appearance before the grand jury that forms a basis of the plea in abatement interposed by Jones. The plea relied upon is that Jones was compelled to give evidence against himself and, therefore, violated his constitutional rights. However, it is well settled that where the appearance be voluntary and not compulsory, the plea is not well taken. *Wireman* v. *State,* 146 Tenn. 676, 244 S. W. 488.

We think when Jones swore out the warrant against the prosecutor and had him bound to the grand jury, the legal effect of such was to set in motion a chain of

circumstances by which Jones would be caused to be summoned before the grand jury to give evidence. This was a voluntary act on his part.

"It follows that testimony given actually by deliberate choice, under only the appearance of compulsion, . . . can of course not earn immunity." Wigmore on Evidence, 3d Ed., Vol. 8, Section 2282, p. 515.

All assignments of error are overruled and the judgment is affirmed.

All concur.