STATE of Tennessee, Appellee,

v.

Steve McCOLLUM, Appellant.

Supreme Court of Tennessee,
at Knoxville.

July 17, 1995.

Richard A. Fisher, James F. Logan, Jr., Logan, Thompson, Miller, Bilbo, Thompson & Fisher, P.C., Cleveland, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Merrilyn Feirman, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

BIRCH, Justice.

The Court of Criminal Appeals reversed the trial court's judgment dismissing an indictment against appellant Captain Steve McCollum, police department of the city of Charleston, and remanded the cause for trial. McCollum appeals. At issue is the validity of an indictment returned against one whose testimony before the grand jury concerned the facts and circumstances upon which the indictment was based, considering the immunity provided by Tenn.R.Crim.P. 6(j)(7).[1] For the reasons that follow, we reverse the judgment of the Court of Criminal Appeals and dismiss the indictment against McCollum.

### I

The facts are straightforward and virtually uncontested. On October 1, 1991, McCollum witnessed Dale Slack, a commissioner of Charleston, operate an emergency vehicle to the scene of an accident in a manner he deemed reckless. McCollum also stated that he feared for the safety of others when, a short time later, Slack dangerously drove the emergency vehicle through school property. On October 24, 1991, McCollum swore out a warrant charging Slack with the offense of reckless endangerment.[2]

The dispute escalated as a Bradley County sheriff's deputy surreptitiously recorded conversations with McCollum and others in-

volved in the encounter with Slack. On or about November 13, 1991, the district attorney general, the sheriff, along with their assistants, met to discuss the recorded conversations and prospective charges against McCollum. As a result of this meeting, indictments against McCollum and others were prepared.

A subpoena issued November 15, 1991, commanding McCollum to appear before the Bradley County grand jury for the purpose of testifying about the charges against Slack. McCollum appeared as commanded. He answered the questions concerning the encounter. However, neither before nor during his testimony was he informed of the district attorney general's intention to indict him for his role in the incident. Later, but on the same day, the grand jury returned indictments against McCollum and others for official oppression,[3] official misconduct[4], extortion[5], and conspiracy.[6]

Counsel for one of the other persons indicted urged the trial court to conduct an evidentiary hearing to determine whether probable cause existed for the issuance of the warrant against Slack. The theory offered to support the request for a hearing was that if Slack's arrest was supported by probable cause, then the defendants could not be convicted of the offenses upon which they had been indicted. Unlike those of the other defendants, McCollum's principal motion to dismiss was based upon the immunity provided by Tenn.R.Crim.P. 6(j)(7). Despite the difference, the trial court proceeded to conduct a hearing along the lines suggested by counsel for the other defendants.

The trial judge's comments from the bench at the conclusion of the hearing indicate that he found probable cause existed for the issuance of the warrants against Slack. Based on this finding, the trial judge dismissed the indictments against all defendants.

---

1. This rule provides immunity to certain grand jury witnesses; the full section is quoted later in this opinion.

2. Tenn.Code Ann. § 39–13–103 (1991).

3. Tenn.Code Ann. § 39–16–403 (1991).

4. Tenn.Code Ann. § 39–16–402 (1991).

5. Tenn.Code Ann. § 39–14–112 (1991).

6. Tenn.Code Ann. § 39–12–103 (1991).

The State appealed. The Court of Criminal Appeals reversed, finding that the issue of probable cause was not entirely a legal question and the trial court prematurely addressed it. In its opinion, the Court of Criminal Appeals ruled also that McCollum was not entitled to dismissal under Tenn. R.Crim.P. 6(j)(7). It is this issue McCollum appeals,[7] and we now consider.

Only McCollum applied for Rule 11 review. Obviously, he is much aggrieved by the Court of Criminal Appeals' judgment remanding the cause for trial. Because immunity is personal and affects McCollum only, we granted his application for review in order to address his Rule 6(j)(7) contention in a more direct manner.

## II

Tennessee Rules of Criminal Procedure, Rule 6(j)(7) provides:

> No witness shall be indicted for any offense in relation to which he has been *compelled* to testify before the grand jury by the district attorney general.

Tenn.R.Crim.P. 6(j)(7) (1991) (emphasis added). To resolve the issue here presented, we must determine whether, under the circumstances, McCollum is immune from prosecution.

We have located no case which interprets Rule 6(j)(7). The Advisory Commission Comments indicate that this rule "is no more than Tenn.Code Ann. § 40–1623 [now repealed]." Tenn.R.Crim.P. 6 (Advisory Commission Comments). Thus, we start our analysis with a review of this former statute and the case law thereunder.[8]

Tenn.Code Ann. § 40–1623 provided:

No witness shall be indicted for any offense in relation to which he has testified before the grand jury.

Tenn.Code Ann. § 40–1623 (1978).

Our Court, in interpreting that statute, narrowed its application to provide immunity only to witnesses who were *compelled* to testify by subpoena or judicial order—not to witnesses who testified without subpoena or order. *See Colley v. State*, 179 Tenn. 651, 169 S.W.2d 848 (1943); *Wireman v. State*, 146 Tenn. 676, 244 S.W. 488 (Tenn.1922). When a witness had been compelled to testify by subpoena or court order, this Court has held that such witness

> cannot be indicted on account of the same. The testimony given might be utterly insufficient to form the basis of a prosecution against the witness, nevertheless if it related to the offense later charged against him, he would be within the protection of the statute.

*State v. Stone*, 161 Tenn. 74, 29 S.W.2d 250, 251 (1930).

Here, McCollum was indicted for offenses to which his testimony related. Thus, under Tenn.Code Ann. § 40–1623 [now repealed], he would have been entitled to immunity. We conclude, for the following reasons, that Tenn.R.Crim.P. 6(j)(7) provides the same immunity.

The Advisory Commission Comments indicate that Rule 6(j)(7)

> is no more than Tenn.Code Ann. § 40–1623 [now repealed], clarified by language expressly limiting the immunity to indictment for offenses about which the witness was compelled to testify by the District Attorney General.... This rule grants immunity only to those witnesses compelled to testify by the District Attorney General, or his assistant or agent, by vir-

---

**7.** We note that this issue is properly before this Court. While the defendant did not raise it in his brief before the Court of Criminal Appeals, the issue was pretermitted by the trial court's ruling dismissing the indictments against all the defendants on the basis that Slack's arrest was lawful.

**8.** The State urges that we not look past the language of the rule, as it is clear in its intent. Further, it urges that Rules 6(j)(6) and (j)(7) must be read together to hold that a witness is not

compelled unless he or she first refuses to testify and is subsequently compelled by the court and granted immunity by the district attorney general. We reject this argument, noting that if (j)(6) defines "compelled" in (j)(7), then (j)(7) is redundant as (j)(6) already provides for the grant of immunity to such witness. Thus, we find that (j)(7) is unclear on its face, and we will look beyond the language of the rule to interpret it.

tue of subpoena or order of the judge. The Commission does not desire to depart from the scope of the immunity given under Tenn.Code Ann. § 40–1623 [now repealed], and the cases decided thereunder, expressly further limiting the immunity by the language "has been compelled to testify ... by the District Attorney General." Tenn.R.Crim.P. 6 (Advisory Commission Comments).

The State contends that at most this rule grants immunity only to the witness who appears pursuant to a subpoena *requested by the district attorney general.* Hence, the State concludes that McCollum is not entitled to immunity because there is no evidence that the district attorney general requested he be subpoenaed.[9] We find this interpretation illogical, restrictive, and violative of the very essence of the rule.

As to a regular grand jury, we find no distinction between a witness who testifies under subpoena requested by the foreperson and one who testifies by virtue of a subpoena requested by the district attorney general. Neither witness is a volunteer;[10] each should be accorded the same immunity. Further, we note that this type of immunity is important to prevent the evils that may be spawned by calling "target witnesses" before the grand jury.[11]

Were we to apply Rule 6(j)(7) only when the witness was subpoenaed at the request of the district attorney general, as the State urges us to do, immunity could easily be subverted by ensuring that the official request for a subpoena came from a source other than the district attorney general. This would provide a mechanism for evading the requirements of fair play and due process. We are unwilling to provide such a mechanism.

Thus, we hold that Tenn.R.Crim.P. 6(j)(7) immunizes a witness from indictment for offenses related to the testimony given by the witness testifying under subpoena or by order of the judge before a regular grand jury.[12] We hold that Rule 6(j)(7) immunity is the same as once available under Tenn.Code Ann. § 40–1623 [now repealed] and the case law thereunder. We explicitly clarify that the immunity does not extend to a witness who appears without the compulsion of a subpoena or other appropriate court order.

Applying this rule to the case under submission, we hold that McCollum is entitled to immunity from indictment; having been indicted, he is entitled to dismissal of that indictment. We further observe that the proceedings in this case were egregiously unfair to McCollum because the State intended, at the time McCollum testified, to seek his indictment from the same grand jury before which he testified concerning the same incident.

We find that the prosecutor's conduct in this case was inappropriate. Prosecutors must remember that their responsibilities differ from those of the usual advocate; their duty is to seek justice, not merely to convict. As such, they must pay particular attention to constitutional rights and to concepts of fairness which lie at the heart of a free society. If, as it appears, McCollum was compelled to testify in aid of his own indictment, the commitment to justice has been inexcusably compromised in an effort to produce a result not otherwise obtainable.

The judgment of the Court of Criminal Appeals is reversed as to McCollum, and the indictments against him are dismissed.

---

**9.** The State further suggests that district attorneys general may only subpoena witnesses between grand jury terms. *See* Tenn.R.Crim.P. 6(i)(3). We note, however, that pursuant to Rule 6(g), "the foreman or the district attorney general may order the issuance of subpoenas for witnesses to go before the grand jury" during the grand jury term.

**10.** Note, Tenn.Code Ann. § 40–12–106 which provides that volunteer witnesses are not im-

mune from prosecution except under express grant of immunity.

**11.** Raybin, *Criminal Practice and Procedure* § 9.28.

**12.** We observe that this immunity does "not apply when a special investigative grand jury is in session." *See* Tenn.Code Ann. § 40–12–215(c) (1990).

ANDERSON, C.J., and DROWOTA and REID, JJ., concur.

WHITE, J., not participating.