IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs at May 21, 2014

**STATE OF TENNESSEE v. VANESSA COLEMAN**

**Appeal from the Criminal Court for Knox County**
**No. 86216D     Jon Kerry Blackwood, Judge**

_____

**No. E2013-01208-CCA-R3-CD - Filed December 9, 2014**

_____

D. KELLY THOMAS, JR., J., concurring.

I write separately because I feel it is necessary to adequately address the federal grand jury issue as presented by the Defendant in her appellate brief. The majority notes that the Defendant moved to dismiss the presentment under Rule 6(j)(6) of the Tennessee Rules of Criminal Procedure, arguing that her subpoena to testify before the federal grand jury barred her state court prosecution. I do not disagree that Rule 6(j)(6) "applies only to proceedings in state grand juries within the State of Tennessee." However, the Defendant's argument both in her interlocutory appeal, and as presented in this direct appeal, is that the federal authorities were acting as agents of the Knox County District Attorney General's office. Specifically, she notes that the charges against her arose from a joint investigation between State and federal authorities. She continues, by virtue of this joint investigation, the federal authorities were acting as agents of the Knox County District Attorney General when they subpoenaed her to testify before the federal grand jury regarding her knowledge and participation in the crimes against the victims, thereby, triggering the immunity protection afforded by Rule 6(j)(6). In my opinion, to ignore the agency issue, ignores the issue presented by the Defendant.

The Defendant argues that the advisory commission comments to the rule support her argument. The following comment is included therein:

> This rule grants immunity only to those witnesses compelled to testify by the district attorney general, or the district attorney general's assistant <u>or agent</u>, by virtue of subpoena or order of the judge.

Tenn. R. Crim. P. 6, Advisory Comm'n Cmts. (emphasis added). She also cites to State v. McCollum, (Tenn. 1995), wherein our supreme court held that there was no distinction

between witnesses testifying under subpoena requested by the grand jury foreperson or those testifying by virtue of subpoena requested by district attorney general. 904 S.W.2d 114, 117 (Tenn. 1995). The McCollum court explicitly rejected the notion that Rule 6 grants immunity only to the witness who appears pursuant to a subpoena requested by the district attorney general, finding such an interpretation to be "illogical, restrictive, and violative of the very essence of the rule." Id. The court continued, "Were we to apply [the immunity protection of Rule 6] only when the witness was subpoenaed at the request of the district attorney general, . . . immunity could easily be subverted by ensuring that the official request for a subpoena came from a source other than the district attorney general[,]" providing "a mechanism for evading the requirements of fair play and due process." Id.

However, under the facts of this case, the Defendant was not compelled to testify before the federal grand jury. The Defendant never invoked her Fifth Amendment privilege against self-incrimination before testifying for the federal grand jury. Although not cited by the Defendant, the advisory commission comments also state that the immunity protection of Rule 6 is "triggered by the refusal of a witness to testify before the grand jury." See Tenn. R. Crim. P. 6(j)(5) & (6). Such a refusal was not made, and the Defendant was not compelled to testify. Therefore, in my opinion, it is unnecessary to decide whether a federal authority, conducting a joint investigation with a county's district attorney general, could be declared an agent of that district attorney general office's, as such is not dispositive of the case. I agree with the majority that the Defendant is not entitled to relief on this issue.

_____

D. KELLY THOMAS, JR., JUDGE