WILLIE OSCAR PRICE, JR., *v.* STATE OF TENNESSEE.

*(Nashville,* December Term, 1955.)

Opinion filed February 3, 1956.

A. R. Hogue and H. N. Wright, both of Jamestown, for plaintiff in error.

Knox Bigham, Assistant Attorney General, for defendant in error.

Mr. Justice Prewitt delivered the opinion of the Court.

Willie Oscar Price, Jr., was convicted of leaving the State and failure to comply with an order of the court requiring him to pay certain sums for the support of his two children under the age of sixteen years. He was sentenced to a maximum penitentiary sentence of two years and one day.

The offense for which defendant was convicted was created and defined by Chapter 211 of the Public Acts of 1951.

The wife of defendant was granted a divorce on April 15, 1954, the decree requiring Price to pay to the clerk of the court $20 every two weeks for the support of his children, ages two and four. Shortly thereafter, Price

left the State and sent no money for the support of his children. He was a member of the U. S. Air Force from June 3, 1954, to November 16, 1954. While in the service he had an allotment made of $91.30 to his second wife, but he had no allotment made in favor of his children.

Defendant testified that when the decree was entered he did not have enough money to make the payments, and went to Muncie, Indiana, to find work. He was unable to find employment and joined the Air Force. He never made any allotment to his children and never sent them any money. He claims that his second wife promised, that out of the money sent to her, she would send the $20 every two weeks to his children as provided by the decree of the court.

He admitted that while in the Air Force he drew the sum of $40 in addition to the allotment to his second wife, but he sent none of this for the support of his children.

The record shows that he was employed in Muncie, Indiana, following his discharge from the Air Force, but he made no effort to comply with the decree of the court.

The first assignment of error complains that the trial court was in error in overruling a motion to quash the indictment. This motion undertook to challenge the matter of the selection of the grand jury because of the alleged invalidity of Chapter 427 of the Private Acts of 1917, and Chapter 928 of the Private Acts of 1949.

This assignment is without merit as the record is regular on its face, and there is nothing to show that the grand jury was made up under the provisions of the statutes attacked.

In order to raise the question the defendant should have set out all the facts in a sworn plea in abatement. *Ransom* v. *State*, 116 Tenn. 355, 86 S. W. 953.

We have reviewed the facts in the record and

find that the evidence does not preponderate in favor of the innocence of the defendant.

■ He contends that he could not be guilty, if at the time he left the State, no payment was due under the decree. However, Chapter 211 of the Public Acts of 1951 makes it a felony not only to leave the State without complying with the order of the court, but also to fail, or neglect, to comply with the order of the court by an absence from the State.

His insistence of good intention is refuted by his testimony that he had work in Indiana, after his discharge from the Air Force, but still neglected to make payment as required.

All assignments are overruled and the judgment of the lower court is affirmed.