STATE OF TENNESSEE

*v.*

ROY DAVIS, and seven other cases.

*(Nashville,* December Term, 1958.)

Opinion filed March 12, 1959.

JAMES M. GLASGOW, Assistant Attorney General, for plaintiff in error.

M. A. PEEBLES, W. A. RICHARDSON, MACFARLAND, COLLEY & DOUGLAS, J. SHELBY COFFEY, JR., and PRIDE TOMLINSON, JR., Columbia, for defendants in error.

Mr. Justice Prewitt delivered the opinion of the Court.

The above cases were consolidated for the purpose of argument and decision. They are before the Court on appeal by the State on the technical record of each case. The defendants in error were indicted in the criminal court of Maury County for receiving and possessing whiskey in violation of the statutes. The defendants in error moved to quash the indictments on the grounds (1) that the affidavits upon which the search warrants were issued stated that the affiant received the information from a citizen of Maury County, when, in fact, it was obtained from a citizen of Lawrence County, and (2) that the searches and arrests were made by State Highway Patrolmen, who were not assisting local officers.

Without empaneling a jury and without the defendants in error being arraigned or entering a plea, the trial court set the motions for hearing and quashed the indictments.

■ We think the trial judge was in error in·quashing the indictments. A motion to quash an indictment goes solely to the proposition as to whether the indictment is regular upon its face.

There seems to be no question about the regularity and completeness of the indictments in these cases. The action of the trial judge was on account of the alleged defects in the search warrants and not material defects in the indictments.

Motion to quash an indictment will not be sustained unless it is defective or invalid upon its face. *Wireman v. State,* 146 Tenn. 676, 244 S.W. 488; *Price v. State,* 199 Tenn. 345, 287 S.W.2d 14.

■ The warrants copied into the transcripts of these cases cannot be considered, since they have not been made a part of the bill of exceptions but have been exhibited in evidence and authenticated by the trial judge. *Fine v. State,* 183 Tenn. 117, 191 S.W.2d 173.

■ The only question presented on this appeal is whether the Court erred in quashing the indictments which are complete on their face. The indictments being regular, are not subject to this motion and were therefore erroneously sustained.

Reversed and remanded.

NEIL, CHIEF JUSTICE, and BURNETT and SWEPSTON, JUSTICES, concurring.

TOMLINSON, JUSTICE, not participating.