# STATE OF TENNESSEE, Plaintiff in Error, v. WILLIS SMITH, Defendant in Error.

Court of Criminal Appeals of Tennessee. June 7, 1968.

Certiorari Denied by Supreme Court Oct. 21, 1968.

George F. McCanless, Atty. Gen., George W. McHenry, Jr., Asst. Atty. Gen., James R. Omer, Asst. Dist. Atty. Gen., Nashville, for plaintiff in error.

James Havron, Public Defender, Nashville, for defendant in error.

OPINION

OLIVER, Judge.

In this case, the State appeals from the judgment of the Criminal Court of Davidson County sustaining the defendant's motion to quash the following presentment: "That Willis Smith heretofore, and prior to the finding of this indictment, to-wit, on the ____ day of June, 1967, with force and arms, in the County aforesaid, unlawfully and feloniously did make an assault upon the bodies of Mrs. Betty Brown and Mrs. Clara Jones, and them the said Mrs. Betty Brown and Mrs. Clara Jones, then and there unlawfully and feloniously put in fear and danger of their life, and then and there unlawfully, feloniously, and violently did steal, take, and carry away from the persons and against the will of the said Mrs. Betty Brown and Mrs. Clara Jones certain property, to-wit: $6,867.00 in good and lawful money of the United States of America of the value of $6,867.00 DOLLARS the property of The Capital City Bank, a corporation, but in the care, custody and control of employees Mrs. Betty Brown and Mrs. Clara Jones, said robbery being accomplished by the use of a deadly weapon, to-wit: a pistol; contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State of Tennessee."

This presentment was predicated upon T.C.A. § 39-3901. The basis and theory of the defendant's motion to quash this presentment was that the allegation that Mrs. Brown and Mrs. Jones were employees of a bank shows that this was a bank robbery as defined in T.C.A. § 39-3902; and that, inasmuch as the Legislature has enacted

this separate statute specifically applicable alone to bank robbery, an indictment or presentment for bank robbery must be laid under T.C.A. § 39-3902 and may not be charged under T.C.A. § 39-3901. Those two statutes are as follows:

T.C.A. § 39-3901. "Robbery—Penalty.—Robbery is the felonious and forcible taking from the person of another, goods or money of any value, by violence or putting the person in fear. Every person convicted of the crime of robbery shall be imprisoned in the penitentiary not less than five (5) nor more than fifteen (15) years; provided, that if the robbery be accomplished by the use of a deadly weapon the punishment shall be death by electrocution, or the jury may commute the punishment to imprisonment for life or for any period of time not less than ten (10) years."

T.C.A. § 39-3902. "Bank robbery—Penalty.—It shall be unlawful for any person to feloniously enter any banking house or place where moneys are kept on deposit and securities of any value deposited for safe-keeping and by violence or putting in fear any person therein charged with the custody, care, or keeping of such money or securities of any value, to feloniously take or remove or attempt to take and remove from such banking house any such moneys or securities of any value; and any person so doing shall be deemed guilty of the crime of bank robbery.

"Any person duly convicted of bank robbery as defined in this section shall be punished by imprisonment in the state penitentiary for a term of not less than twenty (20) years nor more than forty (40) years."

▇ In Raine v. State, 143 Tenn. 168, 186, 226 S.W. 189, 195, the Court succinctly stated the rule of law applicable to motions to quash an indictment or presentment:

"Of course, on a motion to quash an indictment, the infirmity relied on must appear on the face of the indictment, and extraneous evidence cannot be resorted to for the purpose of establishing such infirmity."

In State v. Davis, 204 Tenn. 553, 322 S.W.2d 232, the Court said:

"* * * A motion to quash an indictment goes solely to the proposition as to whether the indictment is regular upon its face.

\* . \* \* \* \* \*

"Motion to quash an indictment will not be sustained unless it is defective or invalid upon its face. Wireman v. State, 146 Tenn. 676, 244 S.W. 488; Price v. State, 199 Tenn. 345, 287 S.W.2d 14."

The Court reiterated this rule in Smith v. State, 207 Tenn. 219, 338 S.W.2d 610:

"This assignment must be overruled for at least one reason and that is a motion to quash will not lie, unless the indictment is defective on its face. State v. Davis, 204 Tenn. 553, 322 S.W.2d 232."

▇ Upon its face, this presentment contains no averment that the robbery occurred in "any banking house or place where moneys are kept on deposit and securities of any value deposited for safe keeping." (T.C.A. § 39-3902)

Nor can any such charge be read into this presentment from the mere fact that the two ladies allegedly robbed were employees of a bank and that the money was the property of that bank: The law is clear that when a presentment or indictment is challenged by a motion to quash, nothing can be looked to except the face of the instrument, and that if it is in all respects regular upon its face the motion to quash cannot prevail.

Accordingly, the judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.

WALKER, P. J., and GILLIAM, J., concur.