DAVID G. YEARWOOD, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

## 455 S.W.2d 612.

Court of Criminal Appeals of Tennessee. March 18, 1970.

Certiorari Denied by Supreme Court May 18, 1970.

554

D. M. Guinn, Johnson City, for plaintiff in error.

George F. McCanless, Atty. Gen., C. Hayes Cooney, Asst. Atty. Gen., Nashville, Lewis W. May, Dist. Atty. Gen., Mountain City, for defendant in error.

## OPINION

OLIVER, Judge.

David G. Yearwood, the defendant below, represented by retained counsel, was convicted of larceny in the Criminal Court of Washington County and was sentenced to imprisonment in the penitentiary for not less than one year nor more than one year and one day. He is now before this Court upon appeal in the nature of a writ of error duly perfected.

 The defendant was convicted of stealing a $5.00 pair of composition shoes. In his first three Assignments of Error here, as in his motion for a new trial, he challenges the sufficiency of the evidence to sustain the verdict of the jury, insisting that the evidence preponderates against the verdict and in favor of his innocence. In examining this contention, we are bound by the well-established rule, settled by numerous decisions of the Supreme Court of Tennessee and this Court, that a verdict of guilt, approved by the trial judge, accredits the testimony of the State's witnesses, resolves all conflicts in the testimony in favor of the State and establishes the State's theory of the case; that under such a verdict the presumption of innocence which the law throws around an accused and which stands as a witness for him in his trial, disappears, and upon appeal that presumption of innocence is replaced by a presumption of guilt; that this Court is not permitted to reverse a conviction upon the facts unless the evidence clearly preponderates against the verdict of the jury and in favor of the innocence of the accused; that we may review the evidence only to determine whether it preponderates against the verdict; and that the defendant has the burden of show-

ing on appeal that the evidence preponderates against the verdict and in favor of his innocence. Gulley v. State, 219 Tenn. 114, 407 S.W.2d 186; Jamison v. State, 220 Tenn. 280, 416 S.W.2d 768; Webster v. State, Tenn. Cr. App., 425 S.W.2d 799; Brown v. State, Tenn. Cr. App., 441 S.W.2d 485.

This rule governing appellate review of criminal convictions makes unnecessary and, indeed, inappropriate, any detailed discussion of the evidence pro and con. Hargrove v. State, 199 Tenn. 25, 28, 281 S.W.2d 692, 694; Morrison v. State, 217 Tenn. 374, 397 S.W.2d 826, 400 S.W.2d 237.

The material evidence obviously accredited by the jury may be summarized briefly. The defendant and his brother went into the Top Dollar Store in Johnson City, and apparently without assistance by store personnel, he tried on shoes in the shoe department. Leaving his old shoes behind, he left the store wearing a pair of new shoes, which was detected when they stopped at the cash register and each paid for a 59 cent tee shirt they had selected. The store manager, who was operating the cash register, ran after these boys calling on them to stop and "you've got my shoes on." A policeman caught the defendant and returned him to the store, still wearing the shoes he had taken. His brother escaped and was never apprehended.

The defendant contented himself with introducing two character witnesses and elected not to testify. Certainly it cannot be said that he has carried the burden of demonstrating here that the evidence preponderates against the verdict of the jury and in favor of his innocence.

In his fourth Assignment of Error, the defendant's contention is that he was illegally arrested by the officer who pursued and caught him as he fled from the store. The basis of this Assignment is that the defendant had committed the misdemeanor of shoplifting (T.C.A. § 39-4235), to which we shall make further reference in discussing the seventh Assignment of Error; that this misdemeanor was not committed in the officer's presence; and that a Negro man's vocal assistance in spreading the alarm that the two boys running up the street had stolen shoes from the store was insufficient information to apprise the passing officer that the accused had committed the felony so as to authorize him to arrest the defendant without a warrant. The defendant raised this question by a motion to quash the indictment after he had entered a plea of not guilty and after the State had concluded its proof. It is fundamental that a plea in abatement to an indictment, or a motion to quash, may not be considered while the defendant's plea of not guilty is still in effect. This well established rule was stated by our Supreme Court in Turner v. State, 187 Tenn. 309, 213 S.W.2d 281:

"The record discloses that no effort to withdraw the plea of not guilty was ever made. This was an essential preliminary step before the plea in abatement could be considered. Caruthers History of a Law Suit, 6th Ed., sec. 169. State v. Cole, 28 Tenn. 626, 628; Turner v. State, 89 Tenn. 547, 15 S.W. 838; Gardner v. Quinn, 154 Tenn. 167, 289 S.W. 513."

Again, in Walker v. State, 197 Tenn. 452, 273 S.W.2d 707, the Court said:

"It seems too that for another reason this assignment

should be overruled. The minutes of the court show that at the time the motion to quash was made, a plea of not guilty had already been entered. Very recently we held, Mendolia v. State, 192 Tenn. 656, 667, 241 S.W.2d 606, 611, that:

" 'It is settled law in this State that a plea in abatement may not be filed in any criminal case while the plea of the general issue of "not guilty" is in effect.' "

■ But this is not all. It is to be noted that in his motion to quash the defendant does not urge any defect appearing on the face of the indictment.

In Raine v. State, 143 Tenn. 168, 186, 226 S.W. 189, the Court succinctly stated the rule of law applicable to motions to quash an indictment or presentment:

"Of course, on a motion to quash an indictment, the infirmity relied on must appear on the face of the indictment, and extraneous evidence cannot be resorted to for the purpose of establishing such infirmity."

In State v. Davis, 204 Tenn. 553 322 S.W.2d 232, the Court said:

"* * * A motion to quash an indictment goes solely to the proposition as to whether the indictment is regular upon its face.

&ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast;

"Motion to quash an indictment will not be sustained unless it is defective or invalid upon its face. Wireman v. State, 146 Tenn. 676, 244 S.W. 488; Price v. State, 199 Tenn. 345, 287 S.W.2d 14."

The Court reiterated this rule in Smith v. State, 207 Tenn. 219, 338 S.W.2d 610:

"This assignment must be overruled for at least one reason and that is a motion to quash will not lie, unless the indictment is defective on its face. State v. Davis, 204 Tenn. 553, 322 S.W.2d 232."

■ In his fifth Assignment of Error, the defendant urges upon us, as he did in his motion for a new trial, that the trial court erred in refusing to quash the indictment upon the ground of a fatal variance between its averments and the proof as to the correct name of the store and the description of the shoes. Like the motion to quash the indictment discussed under the preceding Assignment of Error, the instant motion was also made only after the State had concluded its proof. Again, no infirmity appears upon the face of the indictment. Under the same authorities, this Assignment is clearly without merit.

The defendant has abandoned his sixth Assignment of Error.

By his seventh Assignment of Error, the defendant insists that, at most, he was only guilty of shoplifting proscribed by T.C.A. § 39-4235; that shoplifting is a lesser included offense in the crime of larceny charged in the indictment; and that T.C.A. § 40-2518 required the trial court to charge the jury, without any request by the defendant, concerning the law of shoplifting, and that the court's failure to do so constitutes reversible error.

The shoplifting statute of this State, T.C.A. § 39-4235, provides:

"Shoplifting—Penalty.—Any person who shall willfully take possession of any goods, wares or merchan-

dise not exceeding the value of one hundred dollars ($100) offered for sale by any store or other mercantile establishment with the intention of converting the same to his own use without paying the purchase price thereof, shall be guilty of the offense of shoplifting and shall be punished by a fine of not more than three hundred dollars ($300) or imprisonment for not more than six (6) months, or both.

"Any person found guilty of a second offense of shoplifting as defined in the preceding paragraph, shall be punished by a fine of not more than five hundred dollars ($500) or imprisonment for not more than one (1) year, or both.

"Any person found guilty of a third offense of shoplifting shall be punished by imprisonment for not less than one (1) year nor more than five (5) years.

"Any person found guilty of shoplifting goods, wares or merchandise over the value of one hundred dollars ($100) shall be punished as in the case of grand larceny."

T.C.A. § 40-2518 defines the duty of trial judges with reference to charging juries concerning offenses included in the indictment in criminal cases:

"Charge as to included offenses.—It shall be the duty of all judges charging juries in cases of criminal prosecutions for any felony wherein two (2) or more grades or classes of offense may be included in the indictment, to charge the jury as to all of the law of each offense included in the indictment, without any request on the part of the defendant to do so."

■ Shoplifting statutes create a separate and distinct offense from that denounced by general larceny or theft statutes, although, in popular usage of the term, it is a species of theft included within the offense of larceny. 52 A C.J.S. Larceny § 1, (5), p. 406.

■ The infallible test for determining whether a given offense is lesser than and included in the one charged, is that the lesser included offense must be such that it is impossible to commit the greater without first having committed the lesser. Larson v. United States, 296 F.2d 80 (10th Cir. 1961); James v. United States, 238 F.2d 681, 683, 16 Alaska 513 (9th Cir. 1956); People v. Parrott, 174 Cal.App.2d 301, 344 P.2d 643, 645.

■ ■ Larceny is defined by statute as "the felonious taking and carrying away the personal goods of another." (T.C.A. § 39-4202). The essential elements of larceny are trespass and feloniously taking possession and carrying away. Caruso v. State, 205 Tenn. 211, 326 S.W.2d 434. The essential constituents of shoplifting are (1) willfully taking possession of merchandise offered for sale in a mercantile establishment, (2) with the intention of converting the same to the taker's own use without paying the purchase price thereof. (T.C.A. § 39-4235.) It is, therefore, plain that the essential elements of larceny and shoplifting are by no means the same.

■ The crime described in the shoplifting statute is not an offense necessarily included in the crime of larceny as charged in the indictment. Our Supreme Court cases such as Strader v. State, 210 Tenn. 669, 362 S.W.2d 224; Patterson v. State, 218 Tenn. 80, 400

S.W.2d 743 and Bolin v. State, 219 Tenn. 4, 405 S.W.2d 768 have no application to this case. It follows that the trial court did not err in failing to instruct the jury regarding shoplifting.

The fact that a person may be charged with either violation of a larceny statute or violation of a shoplifting statute, at the discretion of the District Attorney or the Grand Jury, does not deny equal protection by permitting acts of one person to be treated solely as a felony and similar acts of another solely as a misdemeanor. State v. Ponton, 240 Or. 30, 399 P.2d 30, cert. den. 382 U.S. 1014, 86 Ct. 626, 15 L.Ed.2d 529.

Lastly, the defendant's eighth Assignment of Error, wherein he insists that the verdict of the jury is so excessive as to evidence, passion, caprice or prejudice, is wholly untenable. The punishment for petit larceny is confinement in the penitentiary for not less than one nor more than five years. (T.C.A. § 39-4204.) The trial judge instructed the jury that if they considered one year in the penitentiary would be excessive punishment, they could commute the punishment to confinement in the County Jail or Workhouse for any period less than twelve months (T.C.A. § 39-4205). The defendant's punishment being within the limits prescribed for his felony of larceny (T.C.A. § 39-4204), this insistence cannot be sustained. Wheeler v. State, 220 Tenn. 155, 415 S.W.2d 121; Carroll v. State, 212 Tenn. 464, 370 S.W.2d 523; Hardin v. State, 210 Tenn. 116, 355 S.W.2d 105.

The judgment of the trial court is affirmed.

This case was heard and submitted before Judge

Galbreath became a member of the Court, and prior to enactment of Chapter 330 of the Public Acts of 1969 increasing the membership of the Court.

WALKER, P. J., concurs.