STATE of Tennessee, Plaintiff in Error,

v.

Donald HUDSON, Defendant in Error.

Court of Criminal Appeals of Tennessee.

July 17, 1972.

Certiorari Denied by Supreme Court
Nov. 20, 1972.

David M. Pack, Atty. Gen., John B. Hagler, Jr., Asst. Atty. Gen., Nashville, Edward E. Davis, Dist. Atty. Gen., Chattanooga, for plaintiff in error.

Michael M. Raulston, Alley & Raulston, Hixson, for defendant in error.

OLIVER, Judge.

## OPINION

This record fairly shows and the parties agree that (1) on September 29, 1971 the Hamilton County Grand Jury returned three presentments against the defendant, in two of which he was charged with selling marijuana and in the third with selling LSD; that (2) the judge of Division III of the Hamilton County Criminal Court quashed those presentments on motion of the defendant and ordered him held for further action of the Grand Jury and set his bail at $1000 in each case, sustained his motion for a preliminary hearing in each case, and on January 11, 1972 ordered issuance of a "bench warrant" for the defendant in each of the three cases directing the sheriff to arrest him and present him before the Hamilton County General Sessions Court for a preliminary hearing; that (3) on January 19, 1972 the Hamilton County Grand Jury returned three new presentments against the defendant charging him with the same offenses charged in the three original presentments; that (4) on January 26, 1972 the District Attorney General declined to prosecute the defendant in the General Sessions Court upon the "bench warrants"; that (5) on February 10, 1972 the trial judge sustained the defendant's motion to dismiss the three new presentments upon the ground, stated by the court, "that the defendant was denied a preliminary hearing. Although the law requires it, and although it was ordered by this Court, it has been thwarted by the action of the Attorney General in refusing to proceed on those warrants issued out of this Court returnable to the General Sessions Court."

The court's order of dismissal entered on the Minutes recited, in pertinent part: "and after hearing proof and argument, it appearing to the Court that the defendant was denied a preliminary hearing by the action of the State, through its District Attorney General, and the Attorney Gen-

eral's refusal to prosecute on a warrant issued out of this Court, and made returnable to the General Sessions Court pursuant to an order of this Court, that the defendant be granted a preliminary hearing as provided by law, and it being the opinion of this Court that the defendant was entitled to said preliminary hearing as provided by Chapter 245 of the Public Acts of 1971, and that while this Court would have jurisdiction to appoint a prosecuting attorney for matters pending in this Court where the Attorney General refuses to prosecute, only the General Sessions Court would have such authority there, and that the action of the Attorney General in refusing to prosecute falls a little short of contempt of Court under the order as made, the only means remaining for this Court to see that the rights of the defendant are enforced, is to dismiss the pending indictments. The Motion To Dismiss is sustained and it is ordered that the Indictments be dismissed." The State has appealed.

In our opinion, after a careful study of this entire record, the trial judge was led into error in this case by the persistent and untenable insistence of defense counsel that the defendant was entitled to a preliminary hearing under TCA § 40–1131 notwithstanding the fact that the Grand Jury had already returned presentments charging him with the offenses indicated.

■ The only reason appearing in this record for quashing the original presentments is the statement of the trial judge, made in rendering his decision upon the motion to dismiss the new presentments, that they "were deficient." Neither of those original presentments nor the motion to quash them appears in this record. But we assume, as we must in the absence of anything indicating otherwise, that the trial judge properly quashed the original presentments for an infirmity on their faces, for the peculiar office of a motion to quash an indictment or presentment is to attack and challenge it for that reason. State v. Smith, 1 Tenn.Cr.App. 163, 432 S.W.2d 501; Smith v. State, 207 Tenn. 219,

338 S.W.2d 610; State v. Davis, 204 Tenn. 553, 322 S.W.2d 232.

As stated in each "bench warrant," as well as in his opinion sustaining the defendant's motion to dismiss the present presentments, the trial judge ordered the defendant held for further action of the Grand Jury when he quashed the original presentments, apparently intending thereby to order those presentments to be recommitted to the Grand Jury for remedying the defects.

■ The fact remains, however, that in returning each of those original presentments the Grand Jury found probable cause for believing that the defendant committed the offenses charged therein. The only function of the Grand Jury with reference to offenses and alleged offenses it investigates is to determine the question of probable cause. That is to say, the Grand Jury examines and scrutinizes evidence in support of the charge, and must then say from that whether there is probable cause to believe that the person in question committed the offense and should be formally accused thereof by an indictment or presentment and brought to trial. So, simply because the original presentments may have been defective in form, it cannot be said that they did not represent a finding of probable cause by the Grand Jury.

■ Likewise, the only purpose of a preliminary hearing is to determine whether there is probable cause to believe the accused committed the offense charged, TCA §§ 40–1116 and 40–1117, and to fix the amount of bail in bailable offenses, TCA §§ 40–1117 and 40–1119.

■ So the trial judge's first basic error becomes plain. The question of probable cause having been determined by the Grand Jury, the defendant obviously had no right to have the same question redetermined by a General Sessions Judge.

The Constitution of Tennessee, Article I, Section 14, provides that no person shall be

put to answer any criminal charge but by *presentment,* indictment or impeachment. TCA § 40–301 implements that constitutional provision in the same language. It is further implemented by TCA §§ 40–302, 40–1605, 40–1606, 40–1609 and 40–1617, which provide:

"40–302. Indictment or presentment.— All violations of the criminal laws may be prosecuted by indictment or presentment of a grand jury, and a presentment may be made upon the information of any one of the grand jury."

"40–1605. Inquisitorial powers.—The grand jury shall have inquisitorial powers over all indictable or presentable offenses committed or triable within the county."

"40–1606. Duty to inquire and present offenses.—The grand jury shall inquire into all indictable or presentable offenses committed or triable within the county, and present them to the court by indictment or presentment."

"40–1609. Jurors' duty to inform.—If a member of the grand jury knows or has reason to believe that a public offense, indictable or triable in the county, has been committed, he shall declare the same to his fellow jurors, who shall thereupon investigate it."

"40–1617. Sending for witnesses.—The grand jury shall send for witnesses whenever they, or any of them, suspect that an indictable offense has been committed."

A presentment is a written accusation of crime made and returned by the Grand Jury upon its own initiative in the exercise of its lawful inquisitorial powers. A presentment is in the *form* of a bill of indictment and, according to the practice from the earliest days of this State, it is signed individually by all the Grand Jurors who return it, whereas only the Grand Jury Foreman signs an indictment. State v. Davidson, 171 Tenn. 347, 103 S.W.2d 22; Stoots v. State, 205 Tenn. 59, 325 S.W.2d 532. "It has been the practice in this State since the earliest days, and all the authorities make

reference when referring to a presentment to the fact that a presentment 'is signed by the grand jurors individually'." although there is no constitutional or statutory requirement that the presentment must be signed by all the Grand Jurors. Stoots v. State, supra.

Our Supreme Court has said that the effect of TCA § 40–302 and the above-quoted statutes giving the Grand Jury inquisitorial powers with respect to all indictable offenses is to make all such offenses subject to prosecution by presentment or by indictment. State v. Bess, 45 Tenn. 55; Stanley v. State, 171 Tenn. 406, 104 S.W.2d 819; State v. Davidson, supra.

In practice, when the Grand Jury or any member thereof is cognizant of an offense, the District Attorney General is informed thereof, in the first instance, and he prepares an appropriate indictment upon the information and delivers it to the Grand Jury and, upon unanimously finding the requisite probable cause, it is signed by all the members of the Grand Jury and returned into court. State v. Darnal, 20 Tenn. 290.

■ It is incontestable, therefore, that the inquisitorial function and power of the Grand Jury derive directly from our State Constitution itself and are grounded therein.

Indeed, in enacting TCA § 40–1131 the Legislature expressly recognized and approved this fundamental principle by denying an accused the right to a preliminary hearing after a Grand Jury has returned a presentment or indictment against him. That statute says:

"Right to preliminary hearing.—In all criminal cases, *prior to presentment and indictment,* whether the charge be a misdemeanor or a felony, the accused shall be entitled to a preliminary hearing upon his request therefore, whether the grand jury of the county be in session or not." (Emphasis supplied)

Moreover, in enacting TCA § 40–1131 with its carefully designed limitation, the Legislature manifestly was fully cognizant of the broad inquisitorial powers vested in the Grand Jury and recognized that the power and authority of the Grand Jury to inquire into and make its own independent investigation of crimes and criminal activity within the county makes that body the single most powerful law enforcement agency in the community, and deliberately determined to preserve the Grand Jury's vitally essential inquisitorial function. To hold otherwise, as the defendant insists and persuaded the trial court to do, would be to divest the Grand Jury completely of its inquisitorial function and powers and render it powerless to investigate crime in the community upon its own initiative and to return presentments to the court against individuals upon finding probable cause.

■ There can be no question of the trial judge's power and duty to quash the original presentments upon motion if they were defective upon their face. But having done that and having ordered the defendant held under bond for the further action of the Grand Jury, the trial court had no authority or power to order the arrest of the defendant *sua sponte* for the sole and express purpose of giving him a preliminary hearing in the Hamilton County General Sessions Court, and the court's action in doing so was a nullity.

We come, then, to the court's dismissal of the present presentments. Clearly, when the Grand Jury returned these three new presentments against the defendant on January 19, 1972, again determining the question of probable cause in each case, the General Sessions Judge had no authority or power to proceed with a preliminary hearing and redetermine the same question of probable cause under the trial judge's "bench warrants." And, since that question had already been determined by the Grand Jury by returning these new presentments on January 19th, the District Attorney General was under no obligation to participate in the unauthorized and futile proceeding before the General Sessions Judge on January 26th, and properly declined to do so.

■ Clearly, to permit a preliminary hearing and a redetermination of the question of probable cause after return of an indictment or presentment would be intolerable. If the magistrate or general sessions judge found probable cause it would be an idle gesture adding nothing to the validity or strength of the indictment or presentment. On the other hand, a finding of no probable cause in such a preliminary hearing would not and could not invalidate and vacate the prior presentment or indictment and discharge the accused. The futility of such a procedure is plain.

■ Unquestionably, therefore, the District Attorney General's justified and proper refusal to prosecute the defendant in the General Sessions Court upon the trial judge's unauthorized "bench warrants" constituted no ground or reason whatever to dismiss these new presentments, and it was error to do so.

■ Nor is there any merit in the defendant's motion made here to dismiss the State's appeal upon the ground that the trial judge's dismissal order is not a final judgment. Plainly, the unconditional dismissal of the presentments was a final disposition of them. And the State was under no obligation to follow the trial court's suggestion to start all over again by swearing out a warrant for the defendant in the General Sessions Court.

The judgment of the trial court is reversed, presentments 122700, 122701, and 122702, returned by the Hamilton County Grand Jury on January 19, 1972 are reinstated, and this case is remanded to that court for further proceedings not inconsistent with this opinion.

RUSSELL, J., and JOHN D. TEMPLETON, Special Judge, concur.