Carolyn Janie FREEMAN and John Virgil Hamby, Appellants,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

June 22, 1976.

Certiorari Denied by Supreme Court Oct. 18, 1976.

Jay Fred Friedman, Memphis, for appellants.

R. A. Ashley, Jr., Atty. Gen., John F. Southworth, Jr., Asst. Atty. Gen., Nashville, Michael W. Hughes, Asst. Atty. Gen., Memphis, for appellee.

## OPINION

O'BRIEN, Judge.

The indictments against these defendants were returned in the Criminal Court for Shelby County, Tennessee. Carolyn Janie Freeman was convicted of unlawful possession of a legend drug. Her punishment was fixed at six months in the county jail, plus a fine of five hundred dollars ($500.00). John Virgil Hamby was found guilty on three charges, on two of which he was granted a new trial. The remaining conviction was for possession of a controlled substance with intent to sell. His punishment was fixed at not less than five and one-half (5½) years nor more than eight (8) years in the penitentiary, plus a fine of five thousand dollars ($5,000.00).

On this appeal defendants say that error occurred in the trial court upon denial of a plea in abatement which was filed on the date of the trial. The plea alleged in substance that the grand jury which returned the indictment against defendants was not composed of a fair cross section of the community in that women, young people under the age of thirty, blacks, and all but middle income persons were systematically excluded. Also, that the petit jury panel was composed in an unconstitutional manner in that persons between the ages of eighteen (18) and thirty (30), blacks, and women were systematically excluded.

Defendants rely on *Taylor v. Louisiana*, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690, which was decided by the United States Supreme Court on January 21st, 1975. Defendant Freeman was indicted on August 31st, 1973.[1] Defendant Hamby was indicted on May 21st, 1974. They came to trial on March 17th, 1975. On January 27th, 1975, the United States Supreme Court decided the case of *Daniel v. Louisiana*, 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790, in which it was held that *Taylor v. Louisiana*, supra, was "not to be applied retroactively, . . . by juries empanelled prior to the date of that decision." The *Taylor* decision applied itself exclusively to the composition of petit juries, as well as did *Daniel*, supra. We make no difference between the composition of a grand jury, or a petit jury, in applying the principal of denial of retroactivity set forth in *Daniel v. Louisiana*, supra. We base this decision on the factors identified in *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199. To do otherwise would seri-

---

1. Thus the grand jury was empanelled at some earlier date.

ously disrupt the administration of criminal laws in this State to a degree which cannot be justified in this case. In *Daniel v. Louisiana*, supra, the United States Supreme Court specifically stated that the *"[Taylor]* decision did not rest on the premise that every criminal trial, or any particular trial, was necessarily unfair because it was not conducted in accordance with what we determined to be the requirements of the Sixth Amendment." We note that the plea in abatement in this case came many many months after the indictments, and after defendants had previously submitted not-guilty pleas. See *Yearwood v. State,* 2 Tenn.Cr.App. 552, 455 S.W.2d 612. We also observe that eight women served on the jury panel which convicted defendants. With the exception of the constitutional grounds raised by the *Taylor v. Louisiana* decision, the grounds in defendant's plea in abatement were well known to them for many months prior to trial. The assignment cannot be sustained.

Defendants say the trial court erred in giving an instruction to the jury concerning parole, which, at that time, was mandatory under the provisions of T.C.A. Sec. 40–2707 as amended by Sec. 2 of Chapter 163 of the Public Acts of 1973.

■ On February 16th, 1976, the Tennessee Supreme Court released its opinion in the case of *Farris et al. v. State,* 535 S.W.2d 608, in which it held Sec. 2, Chapter 163, Public Acts of 1973 to be unconstitutional and void. However, on March 30th, 1976, the Supreme Court released its opinion on a petition to rehear in the *Farris* case in which it held that in accordance with *Rogers v. State,* 196 Tenn. 263, 265 S.W.2d 559, the *Farris* procedure would not be followed in every case, and that in those cases where the prohibited charge was given after the release of the main opinion it would be considered reversible error; that the rule would be applied along with all other relevant criteria in all cases arising prior to its release. The jury instructions in this case were delivered on March 19th, 1975.

As pointed out in the State's brief, these grounds were not raised in defendant's motion for new trial. The trial judge will not be put in error upon matters not brought to his attention for correction in the motion for new trial. *Kirby v. State,* 214 Tenn. 296, 379 S.W.2d 780. Under the circumstances of this case, the assignment will be overruled.

■ Defendant, Hamby, says the trial judge erroneously and prejudicially instructed the jury that Tuinal was an Amphetamine.

Defendant was indicted for, among other offenses, possession of Tuinal containing amobarbital and secobarbital with intent to sell, as classified in T.C.A. Sec. 52–1417.

The State's evidence indicated that certain pills found in a search of defendant's residence were known by the trade-name, Tuinal. That these capsules contained amyl barbital (sic) and secobarbital.

In reference to the indictment at issue, the trial judge instructed the jury as follows:

"Indictment No. 41854 charges John Virgil Hamby with the offense of Unlawful Possession of a Controlled Substance, with Intent to sell, to-wit: Tuinal. This offense includes the lesser offense of Unlawful Possession of a Controlled Substance, to-wit: Tuinal."

"T.C.A. Sec. 52–1417 provides as follows: (a) the controlled substances listed in this section are included in Schedule III. (c)(1) Any substance which contains any quantity of a derivative of barbituric acid, or any salt of a derivative of barbituric acid, except those substances which are specifically listed in other schedules."

"Tuinal is classified in Schedule III as a controlled substance."

"*Tennessee Code Annotated Section 52– 1432* provides as follows:

(a) Except as authorized by Sections 52–1408—52–1448, it is unlawful for any person to manufacture, deliver, sell or possess with intent to manufacture, deliver, or sell, a controlled substance. (1) Any person who violates this subsection with respect to: 52–1432(C) a controlled substance classified in schedule III is guilty of a felony and upon conviction shall be imprisoned for not less than three (3) years nor more than eight (8) years and in addition thereto may be fined not more than ten thousand dollars ($10,000).

(b) It is unlawful for any person knowingly or intentionally to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by sections 52–1408—52–1448.

(b)(1) Any person who violates this subsection shall be guilty of a misdemanor (sic) and, upon first conviction, be sentenced to confinement in a county jail or workhouse for a period not to exceed eleven (11) months, twenty-nine (29) days and/or fined an amount not to exceed one thousand dollars ($1,000)."

In instructing the jury as to the form to be used to assess punishment in event they found defendant guilty, the court referred to Tuinal as an *Amphetamine* in several instances, and also informed them that if they found defendant guilty of unlawful possession of Tuinal, an *Amphetamine,* with intent to sell, they should fix punishment at some period of time not less than three (3) years and not in excess of five and one-half (5½) years minimum, nor more than eight (8) years maximum, together with a fine, if merited, not to exceed ten thousand dollars ($10,000). He then went on to instruct them in reference to the penalties for the lesser included offenses under schedule III of the Narcotic Drug Law.

It is quite clear that the trial judge erred in the instructions to the jury regarding punishment. We hold that the defendant has no cause for complaint. The specific charge in the indictment against defendant is that he possessed, with intent to sell, "Tuinal" containing *amobarbital and secobarbital.* Insofar as we have been able to determine Tuinal is not specifically scheduled as a prohibited substance under the Narcotic Drug Law of this State. Amobarbital and secobarbital are schedule II drugs listed in T.C.A. Sec. 52–1415(h) and (j), respectively. Penalty for possession of Schedule II substances with intent to sell is not less than four (4) years nor more than ten (10) years with the discretionary addition of a fine not to exceed fifteen thousand dollars ($15,000). The trial judge erroneously charged the penalties for possession of Schedule III drugs, which certainly accrued to defendant's benefit. Amphetamine is also specifically a Schedule II drug listed in T.C.A. Sec. 52–1415(d). The penalty is the same as for other Schedule II drugs. This eliminates any prejudice to defendant insofar as punishment is concerned.

■ Other than the errors which have been pointed out here, the jury instructions are full and sound and not subject to any criticism. We do not think that the inadvertent use of the word *Amphetamine* by the trial judge in the jury instructions, as it pertains to the penalties to be assessed, can be considered anything more than surplusage. Nor, can we see, as argued by the defendant, that he is subject to subsequent prosecution for this same offense as a result of the error in the charge. The assignment is overruled.

Defendant objects to the jury inspecting the search warrant on the theory that it contained hearsay evidence.

■ There is no indication in this record that the search warrant was made available to the jury for its examination. The evidence indicates to the contrary. This court can make no assumption that the jury examined the search warrant on the basis of a silent record. The recitals in the warrant are not subject to re-examination here, or in the trial court, except for the purpose of determining the validity of the warrant. This was done by the trial judge in a hearing out of the presence of the jury. *Poole v. State*, 4 Tenn.Cr.App. 41, 467 S.W.2d 826.

Defendant was not convicted on the basis of the affidavit contained in the search warrant, but upon the evidence introduced in open court.

■ Defendant says it was error to allow some of his personal papers seized during the execution of the search warrant to be admitted as evidence.

The items complained of were found in the course of the search of defendant's residence for contraband. They included correspondence addressed to defendant at that address, and some slips of paper containing numbers, or names and phone numbers. It is the State's position that the papers seized tended to prove defendant was in possession of the residence, and that the drugs seized were possessed with an intent to sell. The evidence objected to has not been included as an exhibit to the Bill of Exceptions and for this reason the assignment cannot be considered.

■ Defendant contends it was error to overrule a motion to produce the informant described in the search warrant for the purpose of confrontation.

Defendant has failed to designate the point in the record where the ruling of the trial court on this matter appeared. Rule 14(2). We do not find any such motion in the record. The assignment is overruled.

Defendant says it was error to deny a request for special instructions to the jury regarding possession of the premises by two or more persons.

■ The special instructions requested have not been included in the Bill of Exceptions and under these circumstances the assignment may not be considered. *Schweizer v. State*, 217 Tenn. 569, 399 S.W.2d 743. Our reading of this record indicates that the requested instruction was covered by the general charge, therefor it would not be error to refuse to deliver the instruction requested. *Hall v. State*, 200 Tenn. 436, 292 S.W.2d 716.

■ Defendants assign error to admission in evidence of a bag of marijuana because the chain of custody was questionable.

We disagree with defendant's view of the evidence. The chain of custody was satisfactorily established. Moreover, it does not appear that defendants were convicted for possession of the marijuana in question. The assignment is overruled.

■ Defendant says it was error to deny a directed verdict under Indictment No. B–41853.

Defendant was granted a new trial in No. B–41853, and the matter is not properly before us. The assignment is overruled.

■ Defendant Freeman says her Fourth Amendment rights were violated by a search of her person and it was error to admit the results of the search into evidence.

When the officers entered the residence of the defendant Hamby to conduct a search, which was found to be lawful, they found defendant Freeman in the kitchen in the company of several other persons, including Hamby, who responded to the name "Toad". A large quantity of illicit drugs were found at which time the occupants of the kitchen were arrested and searched. The pills were found in Freeman's purse inside a smaller coin purse. The arresting officers testified they were searching for weapons and drugs. The search was incident to a lawful arrest and the fruits of the search were properly admitted into evidence. *Armour v. Totty*, 486 S.W.2d 537, (Tenn.1972).

As to each defendant, the judgement of the trial court is affirmed.

WALKER, P. J., and DWYER, J., concur.