**Mark Allen DEAL, Plaintiff-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

July 27, 1976.

Certiorari Denied by Supreme Court Sept. 7, 1976.

Robert Payne Cave, Greeneville, for plaintiff in error.

R. A. Ashley, Jr., Atty. Gen., Etrula R. Trotter, Asst. Atty. Gen., Nashville; Heiskell H. Winstead, Dist. Atty. Gen., Rogersville, for defendant in error.

OPINION

DWYER, Judge.

The sufficiency of the evidence and the court's failure to charge as requested on circumstantial evidence are the questions presented in this appeal from a conviction for committing the offense of burglary in the third degree, T.C.A. 39–904, with resulting punishment of confinement for not less than three years nor more than six.

■ The Ratcliff Pharmacy in the City of Greeneville was burglarized in the early morning hours of April 8, 1975. The burglary of the store was accomplished by two male whites who were observed by a still-watch officer getting out of a dark green Mustang, approaching the pharmacy, and breaking out the glass door with tire tools. The officer observed the Mustang occupied by two other individuals drive off and before they proceeded to the store, they broadcast a description of the car and requested arrest of the two occupants.

The observing officer then entered the store and apprehended two male whites identified as Randy Whitehead and Kail Hazelwood. They both were crouching behind a counter in the store and had both suffered cuts on their hands. A pillowcase-type bag was on the floor almost full with drugs. The plaintiff-in-error here was arrested a few blocks from the store in the Mustang. He was accompanied by a Terry Guy.

In a statement admitted into evidence the plaintiff-in-error acknowledged being with

Whitehead and Hazelwood; that they had arrived in Greeneville on the way to Knoxville; that they decided to hit a drug store in Greeneville; that they drove around a while and picked one out (Ratcliff); that he was driving his mother's Mustang; that when the other two got out with tire tools and the bag, he was to await around back for them.

The plaintiff-in-error, testifying in his own behalf, acknowledged all of the above to be true except he maintained he had no choice but to drive them; that he would not have left them because they were friends and that he stayed there to help them if he could.

We think under the narration of the facts as outlined the evidence is sufficient to sustain this verdict without any extensive elaboration. It is obvious that the jury felt from the facts he was an active participant in the burglary. He has not shown here that the evidence preponderates against his guilt and in favor of his innocence. *Yearwood v. State*, 2 Tenn.Cr.App. 552, 455 S.W.2d 612, 614 (1970). The assignment as to the evidence is accordingly overruled.

■ With the evidence here, as in most all cases, both direct and circumstantial, the court erred in not charging the law on circumstantial evidence when requested. *State v. Thompson*, Tenn., 519 S.W.2d 789, 792 (1975). Under the facts here, however, where the plaintiff-in-error, through testimony, inculpates himself in the burglary, we find the error to be harmless. T.C.A. 27–117. The deducible fact to have been determined by the secondary facts was his participation. This was conveniently made directly evident by his testimony. The only element left for the jury was his intent under these facts. To have given the charge would not have been of any necessary aid to the jury in evaluating the evidence in view of the testimony as given by the plaintiff-in-error. This assignment is overruled.

The judgment is affirmed.

GALBREATH, J., and SAM L. LEWIS, Special Judge, concur.